UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MAXIMILIANO DIAZ PEREZ, et al. : | |
| : | |
| v. : | CASE NO.: 1:25-cv-13129-LTS |
| : | |
| MARDER TRAWLING, INC., et al. : | |

**ANSWER AND DEFENSES OF DEFENDANT FRANCISCO IXCOTOYAC DIONICIO TO PLAINTIFFS' COMPLAINT**

NOW COMES Defendant Francisco Ixcotoyac Dionicio, by and through undersigned counsel, and hereby answers the Complaint of Plaintiffs as set forth below.

Mr. Francisco Ixcotoyac Dionicio reserves the right to amend this Answer or to assert additional defenses as this action proceeds. To the extent Defendant has not specifically responded to any allegation in the Complaint, Defendant denies that allegation. To the extent that any of the Complaint's headings or footnotes constitute allegations, Defendant specifically denies each and every one of them. Defendant further denies that Plaintiffs' claims are amenable to collective or class action adjudication, and denies that Plaintiffs and/or those Plaintiffs seek to represent are entitled to any relief. Based on all of the foregoing, as well as other grounds, Defendant denies that Plaintiffs are entitled to any relief whatsoever. To the extent available under any relevant statute or other applicable law, Defendant will seek to recover his fees and costs incurred in this legal action.

### I.    INTRODUCTORY STATEMENT[1]

1. To the extent Paragraph 1 contains EPPs' characterizations of their claims, applicable law and regulations, and/or legal conclusions, no response is required. Defendant denies the

---

[1] Defendant restates herein the headings contained in Plaintiffs' Complaint for the Court's convenience, but it does not admit the content of any of the headings.

allegations that they extorted or otherwise stole any sum from Plaintiffs or those who Plaintiffs seek to represent. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 1 of the Complaint and, therefore, those allegations are denied.[2]

## II.    ALLEGED NATURE OF THE CASE

2. To the extent Paragraph 2 contains Plaintiffs' characterizations of their claims, applicable law and regulations, and/or legal conclusions, no response is required. Defendant denies the allegations that they extorted or otherwise stole any sum from Plaintiffs or those who Plaintiffs seek to represent. Defendant denies that there are any "similarly situated employees," that Plaintiffs' claims are amenable to collective action adjudication, and that Plaintiffs and/or those Plaintiffs seek to represent are entitled to any relief. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 2 of the Complaint and, therefore, those allegations are denied.

3. To the extent Paragraph 3 contains Plaintiffs' characterizations of their claims, applicable law and regulations, and/or legal conclusions, no response is required. Defendant denies that Plaintiffs' claims are amenable to collective action adjudication, and that Plaintiffs and/or those Plaintiffs seek to represent are entitled to any relief. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 3 of the Complaint and, therefore, those allegations are denied.

4. To the extent Paragraph 4 contains Plaintiffs' characterizations of their claims, applicable

---

[2] Defendant denies that Plaintiffs' claims are amenable to collective action adjudication, and that Plaintiffs and/or those Plaintiffs seek to represent are entitled to any relief. Defendant admits to paying the Plaintiffs and others sums that were demanded of him as what he intended to be a full and final compromise of disputed claims.

law and regulations, and/or legal conclusions, no response is required. Defendant denies that Plaintiffs' claims are amenable to collective action adjudication, and that Plaintiffs and/or those Plaintiffs seek to represent are entitled to any relief. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 4 of the Complaint and, therefore, those allegations are denied.

5. To the extent Paragraph 5 contains Plaintiffs' characterizations of their claims, applicable law and regulations, and/or legal conclusions, no response is required. Defendant denies that Plaintiffs' claims are amenable to collective action adjudication, and that Plaintiffs and/or those Plaintiffs seek to represent are entitled to any relief.

### III.     ALLEGED JURISDICTION AND VENUE

6. To the extent Paragraph 6 contains Plaintiffs' characterizations of their claims, applicable law and regulations, and/or legal conclusions, no response is required. Defendant denies that Plaintiffs' claims are amenable to collective action adjudication, and that Plaintiffs and/or those Plaintiffs seek to represent are entitled to any relief.

7. To the extent Paragraph 7 contains Plaintiffs' characterizations of their claims, applicable law and regulations, and/or legal conclusions, no response is required. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 7 of the Complaint and, therefore, those allegations are denied.

### IV.     PARTIES

8. To the extent Paragraph 8 contains Plaintiffs' characterizations of their claims, applicable law and regulations, and/or legal conclusions, no response is required. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 8 of the Complaint and, therefore, those allegations are denied.

9. To the extent Paragraph 9 contains Plaintiffs' characterizations of their claims, applicable law and regulations, and/or legal conclusions, no response is required. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 9 of the Complaint and, therefore, those allegations are denied.

10. To the extent Paragraph 10 contains Plaintiffs' characterizations of their claims, applicable law and regulations, and/or legal conclusions, no response is required. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 10 of the Complaint and, therefore, those allegations are denied.

11. To the extent Paragraph 11 contains Plaintiffs' characterizations of their claims, applicable law and regulations, and/or legal conclusions, no response is required. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 11 of the Complaint and, therefore, those allegations are denied.

12. To the extent Paragraph 12 contains Plaintiffs' characterizations of their claims, applicable law and regulations, and/or legal conclusions, no response is required. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 12 of the Complaint and, therefore, those allegations are denied.

13. To the extent Paragraph 13 contains Plaintiffs' characterizations of their claims, applicable law and regulations, and/or legal conclusions, no response is required. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 13 of the Complaint and, therefore, those allegations are denied.

14. To the extent Paragraph 8 contains Plaintiffs' characterizations of their claims, applicable law and regulations, and/or legal conclusions, no response is required. Defendant is and has been a resident of Lincoln, Rhode Island. Defendant was employed by Marder Trawling, Inc.

as a Plant Manager of the company's New Bedford, MA seafood processing facility from approximately 2021 to approximately May 2025. In that capacity, Defendant admits to acting directly or indirectly in the interest of Marder Trawling, Inc with regard to its seafood processing operations at said facility. lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 8 of the Complaint and, therefore, those allegations are denied.

15. To the extent Paragraph 15 contains Plaintiffs' characterizations of their claims, applicable law and regulations, and/or legal conclusions, no response is required. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 15 of the Complaint and, therefore, those allegations are denied.

16. To the extent Paragraph 16 contains Plaintiffs' characterizations of their claims, applicable law and regulations, and/or legal conclusions, no response is required. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 16 of the Complaint and, therefore, those allegations are denied.

## V.    ALLEGED COMMON FACTS

17. Admit.

18. Defendant admits that Marder employed workers that were directly hired by and paid by Marder. Defendant lacks knowledge or information sufficient to form a belief as to the percentage of said workers and, therefore, that allegation is denied.

19. Defendant admits Marder contracted with Workforce for workers to perform work. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 19 of the Complaint and, therefore, those allegations are denied.

20. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in

Paragraph 20 of the Complaint and, therefore, those allegations are denied.

21. To the extent Paragraph 55 contains Plaintiffs' characterizations of their claims, applicable law and regulations, and/or legal conclusions, no response is required. Defendant admits that Marder paid Workforce to staff positions at the New Bedford seafood processing plant. Defendant admits the workers who Workforce placed at Marder used Marder's equipment and facilities, were scheduled and supervised by Marder employees. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the factual allegations in Paragraph 21 of the Complaint and, therefore, those allegations are denied.

22. Defendant admits that some of the workers at the Marder seafood processing plant came from Workforce. Defendant lacks knowledge or information sufficient to form a belief as to the alleged percentage of said workers and, therefore, that allegation is denied.

23. Admit.

24. Admit.

25. Defendant admits that Marder promoted Defendant in 2021 to be the Plant Manager at the Marder seafood processing plant in New Bedford, MA. Defendant otherwise denies the allegations in Paragraph 25 of the Complaint.

26. Defendant admits to residing in Rhode Island. Defendant otherwise denies the allegations in Paragraph 26 of the Complaint.

27. Denied.

28. Defendant admits to purchasing a van in 2023 and another in 2024 that were used to transport workers from Rhode Island to the Marder seafood processing plant in New Bedford, MA. Defendant otherwise denies the allegations in Paragraph 28 of the Complaint.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Defendant denies the allegations in Paragraph 34 of the Complaint as each relates to him. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 34 of the Complaint and, therefore, those allegations are denied.

35. Defendant denies the allegations in Paragraph 35 of the Complaint as each relates to him. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 35 of the Complaint and, therefore, those allegations are denied.

36. Denied.

37. Defendant denies the allegations and implications in Paragraph 37 of the Complaint as each relates to him. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 37 of the Complaint and, therefore, those allegations are denied.

38. Defendant denies the allegations and implications in Paragraph 38 of the Complaint as each relates to him. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 38 of the Complaint and, therefore, those allegations are denied.

39. Defendant denies the allegations and implications in Paragraph 39 of the Complaint as each relates to him. Defendant denies that the claims of Plaintiff Diaz are amenable to collective or class action adjudication. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 39 of the Complaint and, therefore, those

allegations are denied.

40. Defendant denies that the claims of Plaintiff Diaz are amenable to collective or class action adjudication. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 39 of the Complaint and, therefore, those allegations are denied.

41. Defendant denies that the claims of Plaintiff Diaz are amenable to collective or class action adjudication. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 39 of the Complaint and, therefore, those allegations are denied.

42. Denied.

43. Denied.

44. Defendant denies the allegations and implications in Paragraph 44 of the Complaint as each relates to him. Defendant denies that the Plaintiffs' claims are amenable to collective or class action adjudication. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 44 of the Complaint and, therefore, those allegations are denied.

45. Defendant denies the allegations and implications in Paragraph 45 of the Complaint as each relates to him. Defendant denies that Plaintiffs' claims are amenable to collective or class action adjudication. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 45 of the Complaint and, therefore, those allegations are denied.

46. Defendant denies the allegations and implications in Paragraph 46 of the Complaint as each relates to him. Defendant denies that Plaintiffs' claims are amenable to collective or class

action adjudication. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 46 of the Complaint and, therefore, those allegations are denied.

47. Defendant denies the allegations and implications in Paragraph 45 of the Complaint as each relates to him. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 45 of the Complaint and, therefore, those allegations are denied.

48. Defendant denies the allegations and implications in Paragraph 48 of the Complaint as each relates to him. Defendant denies that Plaintiffs' claims are amenable to collective or class action adjudication. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 48 of the Complaint and, therefore, those allegations are denied.

49. Defendant denies that Plaintiffs' claims are amenable to collective or class action adjudication. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 49 of the Complaint and, therefore, those allegations are denied.

50. Defendant denies the allegations and implications in Paragraph 50 of the Complaint as each relates to him. Defendant denies that Plaintiffs' claims are amenable to collective or class action adjudication. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 50 of the Complaint and, therefore, those allegations are denied.

51. Defendant denies the allegations and implications in Paragraph 51 of the Complaint as each relates to him. Defendant denies that the claims of Plaintiff Diaz are amenable to collective

or class action adjudication. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 51 of the Complaint and, therefore, those allegations are denied.

52. Defendant denies the allegations and implications in Paragraph 52 of the Complaint as each relates to him. Defendant denies that Plaintiffs' claims are amenable to collective or class action adjudication. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 52 of the Complaint and, therefore, those allegations are denied.

53. Defendant denies the allegations and implications in Paragraph 53 of the Complaint as each relates to him. Defendant denies that Plaintiffs' claims are amenable to collective or class action adjudication. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 53 of the Complaint and, therefore, those allegations are denied.

54. Defendant denies that Plaintiffs' claims are amenable to collective or class action adjudication. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 48 of the Complaint and, therefore, those allegations are denied.

## VI.    ALLEGED CLASS ALLEGATIONS

55. To the extent Paragraph 55 contains Plaintiffs' characterizations of their claims, applicable law and regulations, and/or legal conclusions, no response is required. Defendant denies that Plaintiffs' claims are amenable to collective action adjudication, and that Plaintiffs and/or those Plaintiffs seek to represent are entitled to any relief.

56. To the extent Paragraph 56 contains Plaintiffs' characterizations of their claims, applicable

law and regulations, and/or legal conclusions, no response is required. Defendant denies that Plaintiffs' claims are amenable to collective action adjudication, and that Plaintiffs and/or those Plaintiffs seek to represent are entitled to any relief.

57. To the extent Paragraph 57 contains Plaintiffs' characterizations of their claims, applicable law and regulations, and/or legal conclusions, no response is required. Defendant denies that Plaintiffs' claims are amenable to collective action adjudication, and that Plaintiffs and/or those Plaintiffs seek to represent are entitled to any relief.

58. To the extent Paragraph 58 contains Plaintiffs' characterizations of their claims, applicable law and regulations, and/or legal conclusions, no response is required. Defendant denies that Plaintiffs' claims are amenable to collective action adjudication, and that Plaintiffs and/or those Plaintiffs seek to represent are entitled to any relief.

59. To the extent Paragraph 59 contains Plaintiffs' characterizations of their claims, applicable law and regulations, and/or legal conclusions, no response is required. Defendant denies that Plaintiffs' claims are amenable to collective action adjudication, and that Plaintiffs and/or those Plaintiffs seek to represent are entitled to any relief. Defendant denies the factual allegations and implications in Paragraph 59 of the Complaint as each relates to him. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the factual allegations in Paragraph 59 of the Complaint and, therefore, those allegations are denied.

60. To the extent Paragraph 60 contains Plaintiffs' characterizations of their claims, applicable law and regulations, and/or legal conclusions, no response is required. Defendant denies that Plaintiffs' claims are amenable to collective action adjudication, and that Plaintiffs and/or those Plaintiffs seek to represent are entitled to any relief.

## COUNT I
## FLSA – Alleged Overtime Wages
*All Plaintiffs on behalf of the alleged Collective against all Defendants*
## Claimed Section 216(b) Collective Action

61. Defendant incorporates the above responses as though set forth fully herein.

62 - 73. To the extent Paragraphs 62 through 73 contain Plaintiffs' characterizations of their claims, applicable law and regulations, and/or legal conclusions, no response is required. Defendant denies that Plaintiffs' claims are amenable to collective action adjudication, and that Plaintiffs and/or those Plaintiffs seek to represent are entitled to any relief. Defendant denies the factual allegations and implications in Paragraphs 62 through 73 of the Complaint as each relates to him. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the factual allegations in Paragraph 62 through 73 of the Complaint and, therefore, those allegations are denied.

WHEREFORE, Defendant prays for judgment dismissing Plaintiffs' Complaint, with prejudice, and awarding it attorneys' fees, costs of suit, and such other and further relief as the Court may deem proper.

## COUNT II
## MA Minimum Wage Law and the MA Wage Act – Alleged Overtime Wages
*All Plaintiffs on behalf of the alleged Class against all Defendants*
## Claimed Class Action

74. Defendant incorporates the above responses as though set forth fully herein.

75 - 89. To the extent Paragraphs 75 through 89 contain Plaintiffs' characterizations of their claims, applicable law and regulations, and/or legal conclusions, no response is required. Defendant denies that Plaintiffs' claims are amenable to collective action adjudication, and that Plaintiffs and/or those Plaintiffs seek to represent are entitled to any relief. Defendant denies the factual allegations and implications in Paragraphs 75 through 89 of the Complaint as each relates

to him. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the factual allegations in Paragraph 75 through 89 of the Complaint and, therefore, those allegations are denied.

WHEREFORE, Defendant prays for judgment dismissing Plaintiffs' Complaint, with prejudice, and awarding it attorneys' fees, costs of suit, and such other and further relief as the Court may deem proper.

### COUNT III
### MA Wage Act - Alleged Kickback Deductions
*Plaintiff Diaz on behalf of the alleged Marder Subclass against Defendants Marder Trawling, Inc. and Francisco Ixcotoyac*
### Claimed Class Action

90. Defendant incorporates the above responses as though set forth fully herein.

91 - 97. To the extent Paragraphs 91 through 97 contain Plaintiffs' characterizations of their claims, applicable law and regulations, and/or legal conclusions, no response is required. Defendant denies that Plaintiffs' claims are amenable to collective action adjudication, and that Plaintiffs and/or those Plaintiffs seek to represent are entitled to any relief. Defendant denies the factual allegations and implications in Paragraphs 91 through 97 of the Complaint as each relates to him. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the factual allegations in Paragraph 91 through 97 of the Complaint and, therefore, those allegations are denied.

WHEREFORE, Defendant prays for judgment dismissing Plaintiffs' Complaint, with prejudice, and awarding it attorneys' fees, costs of suit, and such other and further relief as the Court may deem proper.

## COUNT IV
### MA Wage Act – Alleged Kickback Deductions
*Plaintiffs Suar, Tzampop, Garcia and Velasquez on behalf of the alleged Workforce Subclass against all Defendants*
**Claimed Class Action**

98. Defendant incorporates the above responses as though set forth fully herein.

99 - 105. To the extent Paragraphs 99 through 105 contain Plaintiffs' characterizations of their claims, applicable law and regulations, and/or legal conclusions, no response is required. Defendant denies that Plaintiffs' claims are amenable to collective action adjudication, and that Plaintiffs and/or those Plaintiffs seek to represent are entitled to any relief. Defendant denies the factual allegations and implications in Paragraphs 99 through 105 of the Complaint as each relates to him. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the factual allegations in Paragraph 99 through 105 of the Complaint and, therefore, those allegations are denied.

WHEREFORE, Defendant prays for judgment dismissing Plaintiffs' Complaint, with prejudice, and awarding it attorneys' fees, costs of suit, and such other and further relief as the Court may deem proper.

## COUNT V
### MA Wage Act – Alleged Ride Charge Deductions
*Plaintiffs Tzampop and Garcia on behalf of the alleged Rhode Island Subclass against all Defendants*
**Claimed Class Action**

106.    Defendant incorporates the above responses as though set forth fully herein.

107 - 113. To the extent Paragraphs 107 through 113 contain Plaintiffs' characterizations of their claims, applicable law and regulations, and/or legal conclusions, no response is required. Defendant denies that Plaintiffs' claims are amenable to collective action adjudication, and that Plaintiffs and/or those Plaintiffs seek to represent are entitled to any relief. Defendant denies the

factual allegations and implications in Paragraphs 107 through 113 of the Complaint as each relates to him. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the factual allegations in Paragraph 107 through 113 of the Complaint and, therefore, those allegations are denied.

WHEREFORE, Defendant prays for judgment dismissing Plaintiffs' Complaint, with prejudice, and awarding it attorneys' fees, costs of suit, and such other and further relief as the Court may deem proper.

### COUNT VI
### MA TWRTK Law – Alleged Ride Charge Deductions
*Plaintiffs Tzampop and Garcia on behalf of the alleged Rhode Island Subclass against all Defendants*
*Claimed Class Action*

114. Defendant incorporates the above responses as though set forth fully herein.

115 - 125. To the extent Paragraphs 115 through 125 contain Plaintiffs' characterizations of their claims, applicable law and regulations, and/or legal conclusions, no response is required. Defendant denies that Plaintiffs' claims are amenable to collective action adjudication, and that Plaintiffs and/or those Plaintiffs seek to represent are entitled to any relief. Defendant denies the factual allegations and implications in Paragraphs 115 through 125 of the Complaint as each relates to him. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the factual allegations in Paragraph 115 through 125 of the Complaint and, therefore, those allegations are denied.

WHEREFORE, Defendant prays for judgment dismissing Plaintiffs' Complaint, with prejudice, and awarding it attorneys' fees, costs of suit, and such other and further relief as the Court may deem proper.

## COUNT VII
### MA Wage Act– Alleged Check Stubs
*Plaintiff Diaz on behalf of the alleged Marder Direct Hire Subclass against Defendants Marder Trawling, Inc. and Francisco Ixcotoyac*
**Claimed Class Action**

126.  Defendant incorporates the above responses as though set forth fully herein.

127 - 129.  To the extent Paragraphs 127 through 129 contain Plaintiffs' characterizations of their claims, applicable law and regulations, and/or legal conclusions, no response is required. Defendant denies that Plaintiffs' claims are amenable to collective action adjudication, and that Plaintiffs and/or those Plaintiffs seek to represent are entitled to any relief. Defendant denies the factual allegations and implications in Paragraphs 127 through 129 of the Complaint as each relates to him. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the factual allegations in Paragraph 127 through 129 of the Complaint and, therefore, those allegations are denied.

WHEREFORE, Defendant prays for judgment dismissing Plaintiffs' Complaint, with prejudice, and awarding it attorneys' fees, costs of suit, and such other and further relief as the Court may deem proper.

## COUNT VIII
### MA Wage Act– Alleged Check Stubs
*Plaintiffs Suar, Tzampop, Garcia and Velasquez and the alleged Workforce Subclass against Defendants Workforce and* Wilke
**Claimed Class Action**

130.  Defendant incorporates the above responses as though set forth fully herein.

131 - 133.  It does not appear that the allegations in Paragraphs 127 through 129 pertain to Defendant. To the extent Paragraphs 131 through 133 contain Plaintiffs' characterizations of their claims, applicable law and regulations, and/or legal conclusions, no response is required. Defendant lacks knowledge or information sufficient to form a belief as to the factual allegations

in Paragraph 131 through 133 of the Complaint and, therefore, those allegations are denied.

WHEREFORE, Defendant prays for judgment dismissing Plaintiffs' Complaint, with prejudice, and awarding it attorneys' fees, costs of suit, and such other and further relief as the Court may deem proper.

### COUNT IX
### MA TWRTK Law – Alleged Notice
*Plaintiffs Suar, Tzampop, Garcia and Velasquez on behalf of the alleged Workforce Subclass against Defendants Workforce and Andrew Wilke*
**Claimed Class Action**

134. Defendant incorporates the above responses as though set forth fully herein.

135 - 137. It does not appear that the allegations in Paragraphs 135 through 137 pertain to Defendant. To the extent Paragraphs 135 through 137 contain Plaintiffs' characterizations of their claims, applicable law and regulations, and/or legal conclusions, no response is required. Defendant lacks knowledge or information sufficient to form a belief as to the factual allegations in Paragraph 135 through 137 of the Complaint and, therefore, those allegations are denied.

WHEREFORE, Defendant prays for judgment dismissing Plaintiffs' Complaint, with prejudice, and awarding it attorneys' fees, costs of suit, and such other and further relief as the Court may deem proper.

### DEFENSES

1. Plaintiffs' Complaint, in whole or in part, fails to state a claim upon which relief can be granted for Plaintiffs and/or some or all of the individuals they seek to represent.

2. Plaintiffs' claims and/or those of some or all of the individuals they seek to represent are barred, in whole or in part, by the applicable statute of limitations governing the claims advanced by Plaintiffs.

3. Plaintiffs' claims and/or those of some or all of the individuals they seek to represent are

barred, in whole or in part, because some or all of these individuals lack standing to seek some or all of the requested relief.

4. Plaintiffs' claims and/or those of some or all of the individuals they seek to represent are barred, in whole or in part, because they have already been paid and/or received all wages due to them.

5. Plaintiffs' claims and/or those of some or all of the individuals they seek to represent are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, and/or unclean hands.

6. Plaintiffs' claims and/or those of some or all of the individuals they seek to represent are barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

7. Plaintiffs' claims and/or those of some or all of the individuals they seek to represent are barred, in whole or in part, to the extent that some or all of these individuals have failed to mitigate their damages or otherwise avoid harm.

8. Plaintiffs' claims and/or those of some or all of the individuals they seek to represent are barred, in whole or in part, because they have sustained no damages.

9. Plaintiffs' claims and/or those of some or all of the individuals they seek to represent are barred, in whole or in part, because Plaintiff and/or some of all of the individuals they seek to represent were paid on a salary basis in compliance with the law.

10. Plaintiffs' claims and/or those of some or all of the individuals they seek to represent are barred, in whole or in part, by the doctrine of accord and satisfaction.

11. Defendant has at all times acted in good faith and has had reasonable grounds for believing that any alleged acts and omissions were not violations of the law with respect to Plaintiffs and/or some or all of the individuals they seek to represent.

12. Plaintiff and/or some or all of the individuals they purport to represent cannot meet their burden to establish that Defendant's acts or omissions were willful violations of the law.

13. Plaintiff and/or some or all of the individuals they purport to represent fail to allege facts sufficient to support an award of liquidated damages against Defendant.

14. Plaintiffs are not similarly situated to some or all of the individuals they seek to represent.

**This Defendant hereby demands a trial by jury on all counts and issues so triable.**

FRANCISCO IXCOTOYAC DIONICIO,
By and through Counsel,

DATED: January 16, 2026

*/s/ J. Dixon-Acosta,*
J. Dixon-Acosta, Esq.
BBO# 683033
387 Atwells Avenue
Providence, RI  02907
P:  (401) 584-4404
F:  (401) 900-1701
jadaesq@gmail.com

### CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of January, 2026, I electronically filed a copy of this *Answer and Defenses of Defendant Francisco Ixcotoyac Dionicio* via the electronic filing system of the United States District Court for the District of Massachusetts.

*/s/ J. Dixon-Acosta*
J. Dixon-Acosta, Esq.
BBO# 683033